UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO MENDOZA CUEVAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 2:09-cr-00260-TLN<br><br><br><br>**ORDER** |

On October 6, 2015, Petitioner filed a pro se motion for reduction in sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the United States Sentencing Guidelines. (ECF No. 28.) Amendment 782 retroactively reduced the base offense level for most drug offenses by two levels and became effective on November 1, 2014. The Government has opposed the motion. (ECF No. 31.) For the reasons stated below, the Court DENIES Petitioner's motion.

On October 6, 2009, Petitioner pled guilty to the sole count in the indictment, charging possession with intent to distribute at least 500 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (ECF Nos. 19 & 20.) That offense carries a mandatory minimum of ten years imprisonment. 21 U.S.C. § 841(b)(1)(A).

According to the Presentence Report, Petitioner's final offense level was 33, the criminal history category was 3, and therefore the guideline range was 168 to 210 months imprisonment. (PSR ¶¶ 13–26.) On January 20, 2010, the Honorable Lawrence Karlton imposed the mandatory

1

minimum of 120 months imprisonment.  (ECF No. 24; Judgment and Commitment, ECF No. 25.)  Petitioner would not be eligible for safety valve relief because of his criminal history category.  U.S.S.G. § 5C1.2(a)(1).

Courts follow a two-step approach in determining if a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."  *Id.*  "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution."  *Id.* (citing § 1B1.10(b)(2)(A)).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."

Under Amendment 782, Petitioner's revised offense level, lowered two levels, would be 31; with a criminal history category of 3, the amended guideline range would be 135 to 168 months.  However, "[e]xcept as provided in subdivision (B),[1] the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."  § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 827.  Therefore, Petitioner is not eligible for a sentence reduction to below 135 months, the bottom of his amended range.  Petitioner's current sentence is the statutory minimum of 120 months.

Petitioner argues: "the Guideline range was altered pursuant to Amendment 782, and § 2D1.1 now calls for a punishment of 97 to 121 months for offenses involving 500 grams of

---

[1] Subdivision (B) provides an exception to this rule if the government had brought a motion at the time of sentencing for substantial assistance to authorities.  § 1B1.10(b)(2)(B).  The parties do not indicate that this motion was brought.

methamphetamine [to] 1.5 kilograms of methamphetamine." (ECF No. 28 at 3.)  However, Petitioner does not identify an error in his original offense level of 33, which revised under Amendment 782 would be 31.  Petitioner's revised offense level of 31 includes a base offense level of 34 (for between 500 grams and 1.5 kilograms of "actual" methamphetamine, U.S.S.G §2D1.1) and a 3 level reduction for acceptance of responsibility.[2]

Petitioner also states: "other defendants in other Districts, who had previously received [a] 10 year mandatory minimum sentence, had now gotten their sentence reduced pursuant to Amendment 782." (ECF No. 28 at 4.)  There are exceptions to application of the statutory minimum, namely substantial assistance to the Government and safety-valve.  18 U.S.C. § 3553(e) and (f).  However, Petitioner does not identify grounds for an exception in his case.

For the above reasons, the Court DENIES Petitioner's motion (ECF No. 28) for a reduction in sentence.

Dated:  November 13, 2015

Troy L. Nunley
United States District Judge

---

[2] Petitioner may be referring to the fact that the current Guidelines provide a base offense level of 30, for 500 grams to 1.5 kg of methamphetamine.  With no other reductions and a criminal history category of 1, the guideline range is 97 to 121 months.  The Court assumes that Petitioner's plea was based on 737.1 grams of "actual" methamphetamine, which was stated in the plea in the parties' stipulations regarding the Guidelines calculation; that quantity has a base offense level of 34 in the current Guidelines.  (Plea Agreement, ECF No. 19 at 5.)